UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER ROBINSON, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ALLSTATE INSURANCE COMPANY, *et al.*, )<br>)<br>*Defendants*. ) | Civil Action No. 25-1073 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* "Civil Complaint Pursuant to 42 U.S.C. 1983, 1985, 1986" (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint.

For purposes of assessing the adequacy of Plaintiff's complaint, the Court accepts the following allegations a true: Plaintiff sustained injuries to his back and neck in a vehicle collision in August 2022 in Ypsilanti, Michigan. *See* Compl. at 5. The driver of the other vehicle was at fault, *id*., and caused Plaintiff "an unconstitutional and unwanted infliction of pain," *id*., thereby "violating Plaintiff's 8th Amendment right to be free from cruel and unusual punishment," *id*. Plaintiff's insurance claims were denied, leaving Plaintiff without the resources to obtain proper medical care for his injuries. *See generally id*. at 7-10. According to Plaintiff, insurance company employees came to "a meeting in minds to sabotage [his] insurance claim" in violation of 18 U.S.C. § 371 and rights protected under the Eighth and Fourteenth Amendments to the United States Constitution. *Id*. at 9; *see id*. at 10, 13. In addition, these employees allegedly falsified statements and reports, *see id*. at 11, 13, demonstrating "deliberate indifference" to the pain they inflicted on Plaintiff, *id*. at 14; *see id*. at 17-18, and engaged in "an unlawful investigation while using unlawful electronic devices to obtain text and . . . phone

1

communications between Plaintiff and his attorney/case manager and mother" in violation of 18 U.S.C. § 2511.  Compl. at 16; *see id*. at 18.  He has demanded that Defendants honor the terms of the insurance contract and an award of compensatory damages.  *See id*. at 19-20.

Plaintiff's civil rights claims fail.  Under 42 U.S.C. § 1983 establishes a private cause of action against a "person" who, under color of state or District of Columbia law, deprives another individual of a federal constitutional or statutory right.  *See generally Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978).  Defendants are individuals and insurance companies, and none is alleged to have acted under color of state law.  *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 264 (D.D.C. 2014) (dismissing § 1983 claim against three banks and a law firm, given plaintiff's "fail[ure] to plausibly allege that any of the private party defendants . . . acted under color of state law"); *Kungle v. State Farm, Fire & Cas. Co.*, 48 F. Supp. 3d 67, 78 (D.D.C. 2014) (concluding that plaintiff failed to state § 1983 claim against insurance company because "[n]owhere in any of the plaintiff's numerous filings does he allege that State Farm is a state actor, nor has he alleged that it was acting under color of state law").

Plaintiff is no more successful in proceeding under 42 U.S.C. § 1985, which "provides relief from three types of conspiracies: (1) a conspiracy to prevent a person from holding public office or discharging the duties of that office; (2) a conspiracy to intimidate or deter a party or witness in court; and (3) a conspiracy to deprive a person of rights, privileges, and the equal protection of the laws."  *Walsh*, 75 F. Supp. 3d at 164 (citing 42 U.S.C. § 1985(1)–(3)).  The first two categories are not applicable in this case, and, in any event, Plaintiff's allegations as to the existence of a conspiracy are too vague and conclusory to state a plausible claim.  *See Burnett v. Sharma*, 511 F. Supp. 2d 136, 143 (D.D.C. 2007) (finding that "Plaintiff's claim under § 1985

must fail at the outset . . . because the allegations of the amended complaint as to the existence of a conspiracy are conclusory at best"). Nor does the complaint allege facts sufficient set forth a plausible claim that that alleged conspiracy, if any, "motivated by racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Jackson v. Donovan*, 856 F. Supp. 2d 147, 150 (D.D.C. 2012) (citations and internal quotation marks omitted), *aff'd*, No. 12-5154, 2012 WL 4774677 (D.C. Cir. Sept. 21, 2012); *see Hicks v. Williams*, No. 04-cv-375 (RWR), 2005 WL 3560678, at *3 (D.D.C. Dec. 28, 2005) (citing *Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991) (addressing 42 U.S.C. § 1985(3)).

"[S]ection 1986 creates liability for a person who (1) has knowledge of a conspiracy to commit a wrongful act under section 1985, and (2) 'neglects or refuses' to prevent that act." *Walsh*, 75 F. Supp. 3d at 265 (quoting 42 U.S.C. § 1986). Plaintiff fails plausibly to allege the existence of a conspiracy or that Defendants had knowledge of the conspiracy yet failed to prevent the wrongful act(s) for which the conspiracy was formed. Accordingly, Plaintiff's Section 1986 fails as well. *See, e.g., Kungle*, 48 F. Supp. 3d at 78 ("[B]ecause § 1986 claims are predicated on the existence of a § 1985 claim . . . the plaintiff has also failed to state a claim under § 1986"); *Burnett*, 511 F. Supp. 2d at 144 ("Because the complaint fails to state a claim under § 1985, plaintiff cannot maintain a claim under § 1986.").

Plaintiff's claim under 18 U.S.C. § 371 is equally flawed. Sectoin 371 "is a criminal provision and supplies no private cause of action." *Humphries v. Newman*, No. 18-cv-2936 (JMC), 2022 WL 612657, at *7 (D.D.C. Mar. 2, 2022), *aff'd*, No. 22-7043, 2022 WL 3449226 (D.C. Cir. Aug. 11, 2022) (per curiam); *Keyter v. Bush*, No. 03-cv-2496, 2004 WL 3591125, *2 (D.D.C. Aug. 6, 2004) (listing the criminal conspiracy statute among criminal code provisions not conveying a private right of action).

Finally, Plaintiff's claim under 18 U.S.C. § 2511 also falls short. That statute makes it unlawful to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." *Id.* § 2511(1)(a). "[A]ny any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." *Id.* § 2520(a). Plaintiff's claim falters for two reasons. First, the factual allegations of the complaint are overly vague and conclusory. *See* Compl. at 16. Second, Plaintiff appears confused about the protection that § 2511 provides: his complaint cites to clinical records on an independent medical evaluation, which refers certain calls, text messages, and a voicemail. Compl., Ex. 11 (ECF No. 1-1) at 66-67. But as the medical evaluation reports, Plaintiff himself provided the examining doctor with the "records" of those communications. *Id.* at 61. Neither the complaint nor the attached exhibit identify any factual basis for believing that Defendants unlawfully intercepted covered electronic communications. *See Rodriguez v. Meta Platforms, Inc.*, No. 25-cv-197, 2025 WL 1262596, at *8 (E.D. La. Apr. 10, 2025) (concluding complaint failed to state § 2511 claim absent "a factual basis that any of the defendants intentionally intercepted, endeavored to intercept, or procured another to intercept or endeavor to intercept his 'electronic communications,'" and "if defendants were the unauthorized parties, . . . what communication were intercepted, that they were intercepted within transmission, or what 'device' defendants used"), *report and recommendation adopted*, No. 25-cv-197, 2025 WL 1257997 (E.D. La. Apr. 30, 2025); *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, No. 20-cv-0423, 2021 WL 4772918, at *19 n.12 (D. Md. Oct. 13, 2021) (dismissing ECPA claim where complaint made "fanciful allegations that [plaintiff's] communications were intercepted by use

4

of certain software programs" without "alleg[ing]allege facts to adequately support a claim that the . . . Defendants conducted the interceptions, attempted to do so, or procured another individual to do so").

       The Court will, accordingly, dismiss the complaint for failure to state a claim.

       A separate order will issue.

DATE: May 21, 2025                              /s/
                                                 RANDOLPH D. MOSS
                                                 United States District Judge